ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTINA T. SHAY (Cal. State Bar No.: 264528)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0757
    Facsimile: (213) 894-0141
    E-mail: christina.shay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 12-649-DMG |
| Plaintiff, | ) ) | PLEA AGREEMENT FOR DEFENDANT AURELIO PATINO |
| v. | ) ) | |
| ERIC MORENO NAVARRO, and AURELIO PATINO, | ) ) ) | |
| Defendants. | ) ) ) | |

1.   This constitutes the plea agreement between AURELIO
PATINO ("defendant") and the United States Attorney's Office for
the Central District of California ("the USAO") in the
above-captioned case.  This agreement is limited to the USAO and
cannot bind any other federal, state, local, or foreign
prosecuting, enforcement, administrative, or regulatory
authorities.

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Navarro, et al.</u>, CR No. 12-649-DMG, which charges defendant with Felon in Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1).

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

THE USAO'S OBLIGATIONS

3.  The USAO agrees to:

a) Not contest facts agreed to in this agreement.

2

1        b) Abide by all agreements regarding sentencing
2  contained in this agreement.

3        c) At the time of sentencing, provided that defendant
4  demonstrates an acceptance of responsibility for the offense up
5  to and including the time of sentencing, recommend a two-level
6  reduction in the applicable Sentencing Guidelines offense level,
7  pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
8  move for an additional one-level reduction if available under
9  that section.

10        d) Recommend that defendant be sentenced to a term of
11  imprisonment no higher than the low end of the applicable
12  Sentencing Guidelines range, provided that the offense level used
13  by the Court to determine that range is 12 or higher and provided
14  that the Court does not depart downward in offense level or
15  criminal history category.  For purposes of this agreement, the
16  low end of the Sentencing Guidelines range is that defined by the
17  Sentencing Table in U.S.S.G. Chapter 5, Part A.

18                    <u>NATURE OF THE OFFENSE</u>

19    4. Defendant understands that for defendant to be guilty of
20  the crime charged in count one of the indictment, that is, Felon
21  in Possession of a Firearm, in violation of Title 18, United
22  States Code, Section 922(g)(1), the following must be true: (1)
23  defendant knowingly possessed a firearm; (2) the firearm had been
24  shipped or transported from one state to another or had been
25  shipped or transported from a foreign nation to the United
26  States; and (3) at the time defendant possessed the firearm,
27  defendant had been convicted of a crime punishable by
28  imprisonment for a term exceeding one year.

<u>PENALTIES</u>

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.  Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

4

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty plea.

3       8.   Defendant understands that, if defendant is not a United

4  States citizen, the felony conviction in this case may subject

5  defendant to: removal, also known as deportation, which may,

6  under some circumstances, be mandatory; denial of citizenship;

7  and denial of admission to the United States in the future.  The

8  court cannot, and defendant's attorney also may not be able to,

9  advise defendant fully regarding the immigration consequences of

10 the felony conviction in this case.  Defendant understands that

11 unexpected immigration consequences will not serve as grounds to

12 withdraw defendant's guilty plea.

13                           FACTUAL BASIS

14      9.   Defendant admits that defendant is, in fact, guilty of

15 the offense to which defendant is agreeing to plead guilty.

16 Defendant and the USAO agree to the statement of facts provided

17 below and agree that this statement of facts is sufficient to

18 support a plea of guilty to the charge described in this

19 agreement and to establish the Sentencing Guidelines factors set

20 forth in paragraph 11 below but is not meant to be a complete

21 recitation of all facts relevant to the underlying criminal

22 conduct or all facts known to either party that relate to that

23 conduct.

24      On or about June 5, 2012, in Los Angeles County, within the

25 Central District of California, defendant knowingly possessed a

26 firearm, namely, an SKS rifle, bearing serial number 3179032.

27 The firearm had been shipped or transported from one state to

28 another or from a foreign nation to the United States.

1   Defendant, aided and abetted by his co-defendant, Eric Moreno

2   Navarro, sold the firearm to an undercover law enforcement agent.

3   The undercover law enforcement agent paid defendant $340 for the

4   firearm.

5      At the time defendant knowingly possessed the firearm,

6   defendant had been convicted of the following felony crime,

7   punishable by a term of imprisonment exceeding one year:

8   Vehicular Manslaughter, in violation or California Penal Code

9   Section 192(c)(3), in the Superior Court of the State of

10  California, County of Riverside, case number RIF129332, on or

11  about October 11, 2007.

12                      <u>SENTENCING FACTORS</u>

13      10.   Defendant understands that in determining defendant's

14  sentence the Court is required to calculate the applicable

15  Sentencing Guidelines range and to consider that range, possible

16  departures under the Sentencing Guidelines, and the other

17  sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant

18  understands that the Sentencing Guidelines are advisory only,

19  that defendant cannot have any expectation of receiving a

20  sentence within the calculated Sentencing Guidelines range, and

21  that after considering the Sentencing Guidelines and the other

22  § 3553(a) factors, the Court will be free to exercise its

23  discretion to impose any sentence it finds appropriate up to the

24  maximum set by statute for the crime of conviction.

25      11.   Defendant and the USAO agree to the following

26  applicable Sentencing Guidelines factor:

27      Base Offense Level  :     14    [U.S.S.G. § 2K2.1(a)(6)]

28

1  Defendant and the USAO reserve the right to argue that additional
2  specific offense characteristics, adjustments, and departures
3  under the Sentencing Guidelines are appropriate.  The base
4  offense level set forth above is based on information currently
5  known to the government regarding defendant's criminal history.
6  Defendant understands and agrees that defendant's base offense
7  level could be increased if defendant is an armed career criminal
8  under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant
9  has additional prior conviction(s) for either a crime of violence
10 or a controlled substance offense under U.S.S.G. § 2K2.1.  If
11 defendant's base offense level is so altered, defendant and the
12 USAO will not be bound by the base offense level agreed to above.

13      12.  Defendant understands that there is no agreement as to
14 defendant's criminal history or criminal history category.

15      13.  Defendant and the USAO reserve the right to argue for a
16 sentence outside the sentencing range established by the
17 Sentencing Guidelines based on the factors set forth in 18 U.S.C.
18 § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

19                    WAIVER OF CONSTITUTIONAL RIGHTS

20      14.  Defendant understands that by pleading guilty,
21 defendant gives up the following rights:

22           a) The right to persist in a plea of not guilty.

23           b) The right to a speedy and public trial by jury.

24           c) The right to be represented by counsel – and if
25 necessary have the court appoint counsel - at trial.  Defendant
26 understands, however, that, defendant retains the right to be
27 represented by counsel – and if necessary have the court appoint
28 counsel – at every other stage of the proceeding.

d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses against defendant.

f) The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 16 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the term

1   of probation or supervised release imposed by the Court, provided
2   it is within the statutory maximum; and (e) any of the following
3   conditions of probation or supervised release imposed by the
4   Court: the conditions set forth in General Orders 318, 01-05,
5   and/or 05-02 of this Court; the drug testing conditions mandated
6   by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug
7   use conditions authorized by 18 U.S.C. § 3563(b)(7).

8        17.   The USAO agrees that, provided (a) all portions of the
9   sentence are at or below the statutory maximum specified above
10  and (b) the Court imposes a term of imprisonment of no less than
11  10 months, the USAO gives up its right to appeal any portion of
12  the sentence.

13              RESULT OF WITHDRAWAL OF GUILTY PLEA

14       18.   Defendant agrees that if, after entering a guilty plea
15  pursuant to this agreement, defendant seeks to withdraw and
16  succeeds in withdrawing defendant's guilty plea on any basis
17  other than a claim and finding that entry into this plea
18  agreement was involuntary, then the USAO will be relieved of all
19  of its obligations under this agreement.

20              EFFECTIVE DATE OF AGREEMENT

21       19.   This agreement is effective upon signature and
22  execution of all required certifications by defendant,
23  defendant's counsel, and an Assistant United States Attorney.

24              BREACH OF AGREEMENT

25       20.   Defendant agrees that if defendant, at any time after
26  the signature of this agreement and execution of all required
27  certifications by defendant, defendant's counsel, and an
28  Assistant United States Attorney, knowingly violates or fails to

1  perform any of defendant's obligations under this agreement ("a
2  breach"), the USAO may declare this agreement breached.  All of
3  defendant's obligations are material, a single breach of this
4  agreement is sufficient for the USAO to declare a breach, and
5  defendant shall not be deemed to have cured a breach without the
6  express agreement of the USAO in writing.  If the USAO declares
7  this agreement breached, and the Court finds such a breach to
8  have occurred, then: (a) if defendant has previously entered a
9  guilty plea pursuant to this agreement, defendant will not be
10  able to withdraw the guilty plea, and (b) the USAO will be
11  relieved of all its obligations under this agreement.

12                  COURT AND PROBATION OFFICE NOT PARTIES

13         21.  Defendant understands that the Court and the United
14  States Probation Office are not parties to this agreement and
15  need not accept any of the USAO's sentencing recommendations or
16  the parties' agreements to facts or sentencing factors.

17         22.  Defendant understands that both defendant and the USAO
18  are free to: (a) supplement the facts by supplying relevant
19  information to the United States Probation Office and the Court,
20  (b) correct any and all factual misstatements relating to the
21  Court's Sentencing Guidelines calculations and determination of
22  sentence, and (c) argue on appeal and collateral review that the
23  Court's Sentencing Guidelines calculations and the sentence it
24  chooses to impose are not error, although each party agrees to
25  maintain its view that the calculations in paragraph 11 are
26  consistent with the facts of this case.  While this paragraph
27  permits both the USAO and defendant to submit full and complete
28  factual information to the United States Probation Office and the

                                  10

Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

23.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

24.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

1

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2       25.   The parties agree that this agreement will be

3  considered part of the record of defendant's guilty plea hearing

4  as if the entire agreement had been read into the record of the

5  proceeding.

6  AGREED AND ACCEPTED

7  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
   ANDRÉ BIROTTE JR.
9  United States Attorney

10

11  _____            _10_/_22_/_12_
    CHRISTINA T. SHAY                     Date
12  Assistant United States Attorney

13

14  _____            _10_._19_._12_
    AURELIO PATINO                        Date
15  Defendant

16

17  _____            _10_/_19_/_12_
    PEDRO V. CASTILLO                     Date
18  Deputy Federal Public Defender
    Attorney for Defendant
19  AURELIO PATINO

20

21

22

23

24

25

26

27

28

                           12

1                    CERTIFICATION OF DEFENDANT

2           I have read this agreement in its entirety.  I have had

3      enough time to review and consider this agreement, and I have

4      carefully and thoroughly discussed every part of it with my

5      attorney.  I understand the terms of this agreement, and I

6      voluntarily agree to those terms.  I have discussed the evidence

7      with my attorney, and my attorney has advised me of my rights, of

8      possible pretrial motions that might be filed, of possible

9      defenses that might be asserted either prior to or at trial, of

10     the sentencing factors set forth in 18 U.S.C. § 3553(a), of

11     relevant Sentencing Guidelines provisions, and of the

12     consequences of entering into this agreement.  No promises,

13     inducements, or representations of any kind have been made to me

14     other than those contained in this agreement.  No one has

15     threatened or forced me in any way to enter into this agreement.

16     I am satisfied with the representation of my attorney in this

17     matter, and I am pleading guilty because I am guilty of the

18     charges and wish to take advantage of the promises set forth in

19     this agreement, and not for any other reason.

20

21     _____          _____
       AURELIO PATINO                            Date
22     Defendant

23

24

25

26

27

28

                                     13

1

## CERTIFICATION OF DEFENDANT'S ATTORNEY

2       I am Aurelio Patino's attorney.   I have carefully and

3 thoroughly discussed every part of this agreement with my client.

4 Further, I have fully advised my client of his rights, of

5 possible pretrial motions that might be filed, of possible

6 defenses that might be asserted either prior to or at trial, of

7 the sentencing factors set forth in 18 U.S.C. § 3553(a), of

8 relevant Sentencing Guidelines provisions, and of the

9 consequences of entering into this agreement.   To my knowledge:

10 no promises, inducements, or representations of any kind have

11 been made to my client other than those contained in this

12 agreement; no one has threatened or forced my client in any way

13 to enter into this agreement; my client's decision to enter into

14 this agreement is an informed and voluntary one; and the factual

15 basis set forth in this agreement is sufficient to support my

16 client's entry of a guilty plea pursuant to this agreement.

17

18

_____       10/19/12

PEDRO V. CASTILLO                  Date

19 Deputy Federal Public Defender
Attorney for Defendant

20 AURELIO PATINO

21

22

23

24

25

26

27

28

14